The SANSOM COMMITTEE, an unincorporated association, appearing by Elliot C. R. Cook, trustee ad litem, et al.

v.

James LYNN, Individually and as Secretary, HUD, et al.

Civ. A. No. 73-1444.

United States District Court, E. D. Pennsylvania.

Sept. 6, 1974.

See also D.C., 366 F.Supp. 1271; D.C., 382 F.Supp. 1242.

Robert J. Sugarman, Philadelphia, Pa., for plaintiffs.

Walter S. Batty, Philadelphia, Pa., for HUD.

G. David Rosenblum, Philadelphia, Pa., for RA.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

NEWCOMER, District Judge.

#### FINDINGS OF FACT

1. The plaintiffs are residents of the 3400 block of Sansom Street, Philadelphia, Pennsylvania, and the owner of La Terrasse Restaurant, located at 3442–3446 Sansom Street. Several of the plaintiffs are prime tenants of defendant Redevelopment Authority, which means that they may sublet to others. Other plaintiffs who lease properties from the Authority are not prime tenants in that their leases do not permit them to sublet without consent of the Authority. Nevertheless, some of these plaintiffs have sublet to others with the Authority's knowledge, if not its formal consent.

2. Defendants are the Redevelopment Authority of the City of Philadelphia (hereinafter "RA") and various officers of the United States Department of Housing and Urban Development. Defendant RA is the landlord of all the properties on the 3400 block of Sansom Street.

3. A draft statement of the impact on the environment of the 3400 block of Sansom Street of certain proposed redevelopment projects is currently being prepared by HUD with the participation of the RA.

4. The plaintiffs whose prime leases defendant Redevelopment Authority (RA) seeks to terminate, or whose subtenants the RA seeks to enter into bilateral leases with, have made extensive improvements on the leased properties from the rents received from their subtenants.

5. The plaintiffs whose prime leases the RA seeks to terminate have provided valuable managerial services for the apartments and the subtenants dwelling therein.

6. Should the existing leases be terminated, it is doubtful that the RA would renegotiate leases with all or even most of the present tenants. It is also

unlikely that RA would release the Sansom Street apartments if the present tenants vacate. The vacancies resulting from either of the above situations would lead to deterioration of the buildings on Sansom Street, making their rehabilitation more difficult.

7. Given the RA's record of performance with the now vacant properties on the 3400 block of Sansom and Walnut Streets, the RA would not maintain or manage the Sansom Street properties with the same degree of care as would the present prime tenants (or tenants who have subleased to others in violation of their leases).

8. The transfer of property maintenance and property management functions from the plaintiffs to the RA would have a significant and irreparable effect on the present character of the Sansom properties before the environmental impact statement could be completed.

9. The La Terrasse Restaurant, an establishment of notable local reputation, was transformed from a one-building restaurant into its present three-building size by breaking party walls between two adjacent buildings. (3436–3432 Sansom Street). The breach in both walls was made in 1969 or 1970 and was known to RA officials at the time. Defendant RA claims that this breach of the party walls violates the lease between Nicoles, Inc., the lessee of the three buildings, and the RA. Nicoles, Inc. (La Terrasse) denies that its acts violated its lease. This Court does not and need not decide whether or not these actions constitute a violation. of the lease terms.

10. In the summer months of 1974 defendant RA informed Nicoles, Inc. the landlord of La Terrasse, that their leases for 3432–36 Sansom Street would be terminated on September 3, 1974, unless the breaches were filed in.

11. The filling in of these breaches would make impossible the operation of La Terrasse at its present size, and would at best force a return to a smaller concern of less size, character, and re-nown, or could lead to the closing of the restaurant entirely.

12. The breach of the party walls between 3436, 3434, and 3432 Sansom Street, albeit a possible violation of the lease between the RA and plaintiff Nicoles, Inc., does not constitute a hazard or a threat to the public welfare.

13. The elimination or reduction in size of La Terrasse would have a significant and irreparable effect on the present character of the Sansom properties before the environmental impact statement could be completed.

CONCLUSIONS OF LAW

1. This Court has jurisdiction by reason of 42 U.S.C. § 4332(C) (National Environmental Policy Act) and 28 U.S.C. § 1331.

2. The defendants' proposed plans for the redevelopment of the 3400 blocks of Sansom and Walnut Streets are "major Federal actions significantly affecting the quality of the human environment", 42 U.S.C. § 4332(C) requiring that an impact statement be prepared before defendants may take action on the proposed plans.

3. Absent a threat to the public welfare from governmental inaction, no action should be taken which will significantly affect the environment while that environment is the subject of a pending Environmental Impact Statement. Sansom Committee v. Lynn, et al (Memorandum of July 31, 1974). No threat to the public welfare is presented by the continuation of the leases which existed before the RA issued its termination notices.

4. Plaintiffs will be irreparably injured if an injunction does not issue in that the character of Sansom Street will be irreparably and significantly altered before the environmental impact statement, to which plaintiffs are entitled by law to eventually contribute, can be prepared and considered.

5. The public interest will be served by an injunction.